UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HEATON SPITTERS,<br><br>Plaintiff,<br><br>v.<br><br>LAURENCE L. SPITTERS, SR., et al.,<br><br>Defendants. | Case No. 23-cv-06094-TSH<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)** |

## I.  INTRODUCTION

Plaintiff Thomas Heaton Spitters, proceeding pro se, filed a complaint and application to proceed in forma pauperis. ECF Nos. 1, 2. The Court initially denied Plaintiff's in forma pauperis application with leave to amend because he did not provide his income, ECF No. 4, but he has now filed a clarifying statement, ECF No. 5. For the reasons stated below, the Court **GRANTS** the application but finds the complaint deficient under 28 U.S.C. § 1915(e). No later than January 16, 2024, Plaintiff must file a first amended complaint curing the deficiencies identified in this screening order. If Plaintiff fails to cure these deficiencies, the case will be reassigned to a district judge with a recommendation for dismissal.

## II.  BACKGROUND

Plaintiff brings this form complaint against Laurence Spitters, Sr. and John Laurence Spitters. In the Jurisdiction section, Plaintiff states this case belongs in federal court based on diversity jurisdiction. Compl. at 2. In the Claims section, Plaintiff alleges Defendants violated "U.S. Code Title 18, U.S.C. Title 15" through "[r]eckless and purposeful disregard for the statute, intentional deceit." *Id.* at 4. Plaintiff also alleges "[r]eckless and deliberate, deceitful and

1   purposeful violations of Plaintiff's Fourth Amendment Rights under false pretenses, including

2   falsely under color of law." *Id.* Plaintiff also includes an exhibit, in which he alleges:

> The criminal and tortious activities of the Defendants in this case, and of their proxies include and included, but are not limited to inciting public drunkenness, pressuring others to ingest contaminated food, smashing borrowed automobiles, slander, illegally changing vital records and documents, illegally obtaining confidential records and documents, home invasion and property damage, burglary, Invasion of privacy and violation of right to privacy. Illegal substitution of "surrogates" in the place of relatives at family gatherings and events, cash theft, automobile theft, property theft, assault, tampering, using social engineering techniques in the spread of the narcotics trade, prostitution, deliberate misinformation and fraud, and other unlawful acts. The Defendants in virtually all instances pretended to be doing administrative work when committing their hateful, malevolent, malicious, unlawful acts. Some investigation should be made as to how the unlawful acts of the Defendants in this case were paid for or sponsored, financed, the resulting payoffs and the related source of funds.

*Id.* at 6. Plaintiff alleges "[t]hese illegal acts have taken place starting on or about 1975 up to the present time. This filing is to bring the unlawful and tortious acts of the Defendants to the light of day, and to initiate proceedings in order to compel redress in the amount of $ 10 million U.S. for the wrongful conduct of these individuals." *Id.*

### III.   IN FORMA PAUPERIS APPLICATION

A district court may authorize the start of a civil action in forma pauperis if the court is satisfied the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1). Based on the information provided in his application, the Court was initially unable to determine whether Plaintiff was entitled to proceed in forma pauperis. Specifically, when asked if presently employed, Plaintiff answered yes, but he then stated that his gross and net income is "N/A." The Court denied his application without prejudice and ordered him to either (1) file an amended application to proceed in forma pauperis that includes his gross and net income or (2) pay the filing fee. ECF No. 4. In response, Plaintiff filed a letter stating he "has been attacked by some very efficient and ambitious doctors, unknown to Plaintiff, essentially, but guided by hateful people that include Plaintiff's mother and spouse (both addicts, and addicted viciously to various substances and chemicals at various times). Derivative of this, . . . Plaintiff has had essentially again no work in some time and thus no income." ECF No. 5. Based on this

clarification, the Court finds Plaintiff has submitted the required documentation demonstrating an inability to pay the costs of this action, and it is evident from the application that the listed assets and income are insufficient to enable payment of the fees. Accordingly, the Court **GRANTS** the application to proceed in forma pauperis.

### IV.   SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

**A.   Legal Standard**

A court must dismiss an in forma pauperis complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6) regarding dismissals for failure to state a claim. *See id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). As such, the complaint must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Accordingly, even claims which are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.*

As Plaintiff is proceeding without representation by a lawyer, the Court must construe the complaint liberally. *See Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984). However, it may not add to the factual allegations in the complaint. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this District. *See* N.D. Cal. Civ. L.R. 3-9(a).

**B.  Application**

   **1.  Federal Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  As such, they "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction."  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction").  Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Kokkonen*, 511 U.S. at 377.

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  *Id.* at § 1331.  A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."  *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989).  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state."  *Id.*

Here, Plaintiff alleges the Court has diversity jurisdiction, yet he also alleges he and at least one of the defendants reside in California.  Compl. at 2.  As such, the Court lacks diversity jurisdiction.

As to federal question jurisdiction, it is unclear what claims Plaintiff seeks to bring.  Plaintiff refers generally to "U.S. Code Title 18, U.S.C. Title 15."  To the extent Plaintiff seeks to bring claims under Title 18, that Title deals with federal crimes and criminal procedure.  It is well-established that "private individuals lack standing to assert claims for relief based on criminal statutes."  *Redmond v. United States*, 2022 WL 1304472, at *3 (N.D. Cal. May 2, 2022) (collecting cases); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("These criminal provisions, however, provide no basis for civil liability.").  Thus, "[i]ndividuals cannot

file criminal charges in the United States District Court. Rather, criminal proceedings in federal court are initiated by the government, usually through the United States Attorney's Office." *Candy-Anh-Thu:Tran v. Daniel*, 2017 WL 6513414, at *2 (N.D. Cal. Dec. 20, 2017) (citing *Harbor v. Kim*, 2017 WL 443164, at *4 (C.D. Cal. Jan. 31, 2017) ("The decision to institute criminal proceedings lies within the discretion of the proper state or federal prosecuting authority"); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) (observing that the executive branch has "exclusive authority and absolute discretion to decide whether to prosecute a case"). As such, Plaintiff lacks standing to bring claims under Title 18. *See Aldabe*, 616 F.2d at 1092. If Plaintiff believes that the defendants engaged in criminal conduct, he must contact federal law enforcement or the United States Attorney's Office and present the facts supporting that belief to them.

To the extent Plaintiff seeks to bring claims under Title 15 of the United States Code, that Title encompasses a wide range of laws related to commerce and trade, including antitrust laws, consumer protection, and various regulatory provisions. Many sections of Title 15 outline regulatory frameworks and standards without explicitly authorizing private lawsuits, instead leaving enforcement to government agencies, such as the Federal Trade Commission or the Department of Justice. Further, Plaintiff's complaint does not tie any of Defendants' alleged misconduct to any particular provision of law.

Plaintiff also appears to allege Defendants violated his Fourth Amendment rights, but he brings this claim against private actors—i.e., persons who are not government or state actors. "Individuals bringing actions against private parties for infringement of their constitutional rights . . . must show that the private parties' infringement somehow constitutes state action." *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (per curiam) (citations omitted); *see also United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (explaining that the Fourth Amendment "proscribes only governmental action; it is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government") (cleaned up). The presumption is that a private actor's conduct is not state action. *Florer v. Congregation Pidyon Shevuym, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). As such, without

1 allegations demonstrating how and why he may properly assert his constitutional claims against
2 these defendants, Plaintiff has not shown the Court has subject matter jurisdiction based on a
3 federal question.
4      Accordingly, Plaintiff must file an amended complaint that clarifies how this Court has
5 subject matter jurisdiction over his claims.

     2.    **Rule 8**

Plaintiff's complaint also does not comply with Federal Rule of Civil Procedure 8. "Something labeled a complaint but written . . . without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). To comply with Rule 8, a complaint need not provide detailed factual allegations, but it is "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). A plaintiff must do more than assert "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, the plaintiff must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Coleman v. Beard*, 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) ("While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice' of the claim and the 'grounds upon which it rests.'") (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

Here, Plaintiff's generalized allegations do not put Defendants on notice as to what specific laws or rights he thinks they violated, and a putative defendant would not know how to respond. Thus, to comply with Rule 8's pleading requirement, Plaintiff must amend the complaint to allege: (1) the specific laws or rights he thinks Defendants violated; (2) for each law or right, state the specific factual allegations that connect each defendant with the alleged wrongdoing, including dates, the names of people involved, and what those people did to him; and (3) how he was harmed.

     3.    **Frivolousness**

Finally, it appears at least portions of Plaintiff's claims are frivolous. "'A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact.'" *Denton v. Hernandez*, 504

United States District Court
Northern District of California

U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Frivolous claims are "claims describing fantastic or delusional scenarios . . . ." *Id.* at 32. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "'the unusual power to pierce the veil of the complaint's factual allegations,'" meaning it "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32 (quoting *Neitzke*, 490 U.S. at 327).

Plaintiff alleges Defendants used "illegal substitution of 'surrogates' in the place of relatives at family gatherings and events," "us[ed] social engineering techniques in the spread of the narcotics trade, prostitution, deliberate misinformation and fraud, and other unlawful acts," and "pretended to be doing administrative work when committing their hateful, malevolent, malicious, unlawful acts." Compl. at 6. "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Denton*, 504 U.S. at 33. However, as the Ninth Circuit has explained, frivolous litigation "is not limited to cases in which a legal claim is entirely without merit . . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007). Plaintiff's allegations are of such a nature and, as currently plead, are subject to dismissal.

## V. CONCLUSION

For the reasons above, the Court **GRANTS** the application to proceed in forma pauperis but finds the complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e). However, given the pro se status of Plaintiff, and because it is not clear that the deficiencies of the complaint could not be cured by amendment, the Court shall grant Plaintiff the opportunity to file an amended complaint. Accordingly, the Court **ORDERS** Plaintiff to file an amended complaint by January 16, 2024.

### A. REQUIREMENTS FOR AMENDED COMPLAINT

Because an amended complaint replaces the previous complaint, it may not incorporate claims or allegations in the original complaint by reference. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Instead, any amendment must include all of the facts and claims to be

7

presented and all of the defendants that are to be sued.  In addition, any amended complaint must include the following sections:

> **Caption Page**
> On the first page, list the names of the defendant(s), the case number used in this order (23-cv-06094-TSH), the title ("FIRST AMENDED COMPLAINT"), and write "Demand for Jury Trial" if you want your case to be heard by a jury.
>
> **Form of Pleadings**
> The factual allegations and claims must be written in numbered paragraphs, each limited as far as practicable to a single set of circumstances.
>
> **Subject Matter Jurisdiction**
> The first numbered paragraph in your complaint (labeled "Jurisdiction") should explain why this Court has the power to decide this kind of case.  A federal court can hear a case based on a federal question jurisdiction (a violation of federal law under 28 U.S.C. § 1331) or diversity jurisdiction (when all plaintiffs and all defendants are citizens of different states disputing more than $75,000) under 28 U.S.C. § 1332.
>
> **Parties**
> In separate paragraphs for each party, identify the plaintiff(s) and defendant(s) in the case.
>
> **Statement of Facts**
> Explain the important facts in your case in numbered paragraphs, describing how the defendant(s) violated the law and how you have been injured.
>
> **Claims**
> Include a separate heading for each legal claim (Claim 1, Claim 2, etc.), identifying the specific law that you think the defendant(s) violated and explaining in numbered paragraphs what each defendant did to violate each law.

B.     **RESOURCES**

Plaintiff may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco.  You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982.  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at http://cand.uscourts.gov/helpcentersf.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case.  The

handbook is available in person at the Clerk's Office and online at:

http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: December 15, 2023

THOMAS S. HIXSON
United States Magistrate Judge